UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JERRY L. WARD, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 3:16 CV 758 |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**OPINION AND ORDER**

This case is closed. It was dismissed without prejudice after the deadline for filing an amended habeas corpus petition expired. (DE # 4.) However, the court has now received an amended petition from Jerry L. Ward, a pro se prisoner. (DE # 6.) Delivery was delayed because Ward sent it in the mail – rather than filing it electronically from the Westville Correctional Facility law library. Had he done so, the court would have received it well before the deadline, rather than well after it. Nevertheless, because it was mailed before the deadline, the court will vacate the dismissal order and review the amended petition. *See Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001).

Ward pleaded guilty and was given an 8 year sentence on December 8, 2011, by the Cass County Circuit Court under cause number 09C01-1006-FC-12. He is raising only one ground in this habeas corpus petition. He argues that he was illegally required to serve 2 years on parole. His parole began on February 25, 2014. He argues that his parole should have ended on February 25, 2015.

Habeas corpus petitions are subject to a strict one year statute of limitations. Without resolving precisely when the limitation period should begin in this case, it is clear that this petition is untimely under even the most generous possibility.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In response to question 16 asking him to explain why the petition is timely (which includes the text of the statute quoted above), Ward wrote, "I was sentenced on 12/08/2011, and I served almost 4 years before I was rolled over onto my new sentence, and then released to parole thereafter. I was just recently made aware of the rules of parole that show I was illegally placed on parole due to serving out my first sentence then serving a new sentence, then being placed on parole for the first sentence." (DE # 6 at 5.) Neither that response – nor anything else in the petition – indicates that this claim is based on a newly recognized Constitutional right or that a state-created impediment prevented

2

him from filing this petition sooner. Therefore 28 U.S.C. § 2244(d)(1)(B) and (C) are not applicable to this case. That leaves 28 U.S.C. § 2244(d)(1)(A) and (D).

If 28 U.S.C. § 2244(d)(1)(A) applies, then the 1-year period of limitation began on the date when the judgment became final upon the expiration of the time for seeking direct review of his conviction and sentence. Here, Ward was sentenced on December 8, 2011. He did not file a direct appeal and the deadline for doing so expired on January 9, 2012. *See* Indiana Rules of Appellate Procedure 9.A.(1) and 25.A. The 1-year period of limitation would have expired on January 9, 2013.

If 28 U.S.C. § 2244(d)(1)(D) applies, then the 1-year period of limitation began on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." It is unclear when Ward actually found out that he was being required to serve a second year on parole, but the Seventh Circuit has made clear that the time runs from the date when the evidence could have been discovered through diligent inquiry, not when it was actually discovered or when its significance was realized. *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2001). Here, it is clear that – at the absolute latest – Ward could have found out by the time the second year began on February 25, 2015. If so, the 1-year period of limitation would have expired no later than February 25, 2016. Because he did not sign his original habeas corpus petition (DE # 1 at 10) until November 2, 2016, this petition is untimely and must be dismissed.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. When the court dismisses a petition on procedural grounds, the determination of whether a certificate of

3

appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. If the petitioner meets that requirement, then he must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id.* As previously explained, this petition is untimely. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

For these reasons, the court:

(1) **VACATES** the dismissal order (DE # 4) and judgment (DE # 5);

(2) **DISMISSES** the petition pursuant to Habeas Corpus Rule 4 because it is untimely;

(3) **DENIES** a certificate of appealability;

(4) **DENIES** leave to proceed on appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3) because an appeal in this case could not be taken in good faith; and

(5) **DIRECTS** the clerk to close this case.

**SO ORDERED.**

Date: January 18, 2017

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT